

Keith A. Call
Direct Dial: 801.322.9144
keithcall@spencerfane.com

December 12, 2025

**VIA FEDERAL EXPRESS OVERNIGHT DELIVERY**

Jarrett B. Perlow, Clerk of Court
**United States Court of Appeals, Federal Circuit**
717 Madison Place, NW
Washington, DC 20439

   RE: Applied Predictive Technologies, Inc. v. MarketDial, Inc. et al.
      Case No.: 24-1751
      Notice of Supplemental Authority

Dear Mr. Perlow:

  Pursuant to FRAP 28(j), MarketDial submits this Circuit's decision in *Coda Development v. Goodyear Tire & Rubber Co.*, --F.4th--, 2025 WL 3511035 (Fed. Cir. Dec. 8, 2025). *Coda* affirms a lower court ruling relied upon by MarketDial at several points in its briefing. *See* Confidential Opening Brief of Appellees ("COBA"), at 20-21, 24, 41, 52. *Coda* directly supports the district court's decision in this case and MarketDial's arguments on appeal.

  *Coda* emphasizes that concrete trade-secret identification is essential to any trade-secret plaintiff's case. *Coda*, 2025 WL 3511035, at *3-*4. Coda, like APT, failed to identify the alleged trade secrets "with sufficient specificity to separate the purported trade secret from the other information that was known in the trade." *Id*. at *4 (cleaned up). Coda referred the court to generalized "design and development" concepts, but failed to identify "the information for which trade secret protection is sought—the 'design and development' knowledge that would enable someone to" replicate the trade secret. *Id.* at *5. Coda's descriptions, like APT's, "listed functions . . . described in vague terms with no detail regarding how those functions are carried out." *Id.* at *5. The trade secrets were "articulated as no more than an undifferentiated list of components described in vague terms" without any "disclosure of what the claimed knowledge is and/or what the design or development [at issue] is." *Id.* The *Coda* panel made clear that such vague descriptions are insufficient to make out an identifiable trade secret.

  *Coda* also makes clear that the ill-defined secrets included alleged combination (*i.e.*, compilation) trade secrets. *See* 2025 WL 3511035, at *5; *see also Coda Dev. v. Goodyear Tire and Rubber Co.*, 667 F.Supp.3d 590, 608 (N.D. Ohio 2023).

      This reasoning tracks the district court's decision and MarketDial's arguments on appeal regarding APT's failure to identify its trade secrets. COBA, at 23-48, 49-52.

      Coda, like APT, also attempted to flesh out its deficient explanation of its trade secrets on appeal. *See* COBA, at 36-40. But *Coda* rejected this effort to "belatedly introduce additional specificity" on appeal. *See* 2025 WL 3511035, at *4.

      Sincerely,

**SPENCER FANE LLP**

Keith A. Call

KAC/sjc
Enclosure

cc:    David B. Goroff (dgoroff@foley.com)
       Pavan K. Agarwal (pagarwal@foley.com)
       Kirk R. Ruthenberg (kirk.ruthenberg@dentons.com)
       Nicholas H. Jackson (nicholas.jackson@dentons.com)
       Spencer Hamilton (spencer.hamilton@dentons.com)