

321 N CLARK ST.
SUITE 3000
CHICAGO, IL 60654-4762
312.832.4500 TEL
312.832.4700 FAX
FOLEY.COM

WRITER'S DIRECT LINE
312.832.5160
dgoroff@foley.com

CLIENT/MATTER NUMBER
125095-0158

December 15, 2025

**Via Electronic Filing And Federal Express Service**

Jarrett B. Perlow, Clerk of Court
United States Court of Appeals Federal Circuit
717 Madison Place, NW
Washington, DC 20439

  RE: *Applied Predictive Technologies, Inc. ("*APT*") v. MarketDial, Inc. et al. ("*Defendants*")*
     Case No.: 24-1751 Notice of Supplemental Authority

Dear Mr. Perlow:

  Pursuant to Fed.R.App.P. 28(j), Plaintiff-Appellant APT responds to Defendants' letter dated December 12, 2025 (Dkt.107) citing *Coda Dev. s.r.o v. Goodyear Tire & Rubber Co.*, 2025 WL 3511035 (Fed. Cir. Dec. 8, 2025). *Coda* is factually distinguishable, but its procedural history supports reversal here.

  *Coda*'s procedural posture helps APT because the district court there permitted plaintiff to try its trade secret claim despite doubting its viability. This Court had previously vacated the district court's dismissal of Coda's trade secret claim as being time-barred. *See Coda Dev. s.r.o v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350 (Fed. Cir. 2019). On remand, Goodyear answered Coda's amended complaint and the parties conducted discovery. The District Court then denied Defendant's summary judgment motion. *See Coda Dev. s.r.o. v. Goodyear Tire & Rubber Co.*, 667 F. Supp.3d 590, 598 (N.D. Ohio 2023). Despite expressing "grave concerns" about plaintiff's trade secret claims *id.* at 599, it permitted trial. It only granted JMOL after the jury found for plaintiff. Here, the District Court granted Defendants summary judgment on APT's trade secret claims and held no trial.

  *Coda* is substantively distinguishable. This Court upheld that Goodyear had not used Coda's alleged secrets. 2025 WL 3511035, at \*\*5-6. Here, forensic evidence shows MarketDial used APT's Partner Capabilities Briefing ("PCB") to create materials and APT's Standard Deployment Guide ("SDG") for a client presentation. (Appx5687-88). MarketDial solicited APT's Customized Feeds from APT's clients to create knockoffs. (Appx7311; Appx7353-54; Appx7374).



*Coda* held that several alleged secrets lacked particularity or specificity. 2025 WL 3511035, at **4-5 (applying Ohio law). Here, Utah law does not require particularity. *See USA Power, LLC v. PacifiCorp.*, 372 P.3d 629, 649 (Utah 1999).

*Coda* further held that certain alleged secrets lacked definiteness. 2025 WL 3511035, at **5-6. Here, the PCB and SDG are discrete slide decks that Defendants misused. *See* Appx3725-31; Appx6432-97. Again, Defendants induced APT clients to send them APT's work.

Unlike in *Coda*, APT's experts fleshed out each secret. (*See* Appx5069-82; Appx5233-36; Appx5277-5315; Appx5543-67).

Unlike here, the district court noted that Coda had no compilation before the lawsuit. 667 F. Supp.2d at 601, n.12.

Sincerely,

David B. Goroff

DBG:kc
cc: Keith A. Call (keithcall@spencerfane.com)
     Rodney Parker (rparker@spencerfane.com)
     Andrew L. Roth (aroth@spencerfane.com)

FORM 19. Certificate of Compliance with Type-Volume Limitations                    Form 19
                                                                                   July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2024-1751

**Short Case Caption:** APPLIED PREDICTIVE TECHNOLOGIES, INC. v. MARKETDIAL, INC., et al.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __349__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 12/15/2025        Signature: /s/ David B. Goroff

                        Name: David B. Goroff

Save for Filing

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 2024-1751

**Short Case Caption** Applied Predictive v. Marketdial, Inc., et al

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 12/15/2025

by ☐ U.S. Mail ☐ Hand Delivery ☐ Email ☐ Facsimile
   ☑ Other: Federal Express

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Keith A. Call<br>Spencer Fane LLP | SPENCER FANE, LLP<br>10 Exchange Place, Suite 1100<br>Salt Lake City, UT 84111<br>keithcall@spencerfane.com |
| Andrew L. Roth<br>Spencer Fane LLP | SPENCER FANE, LLP<br>10 Exchange Place, Suite 1100<br>Salt Lake City, UT 84111<br>rrparker@spencerfane.com |
| Rodney Parker<br>Spencer Fane LLP | SPENCER FANE, LLP<br>10 Exchange Place, Suite 1100<br>Salt Lake City, UT 84111<br>aroth@spencerfane.com |
| | |
| | |

☐ Additional pages attached.

Date: 12/15/2025

Signature: /s/David B. Goroff

Name: David B. Goroff